**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528

May 24, 2024

direct dial 404 815 6376
direct fax 404 541 3498
chooker@kilpatricktownsend.com

*By ECF*

David J. Smith
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
Elbert Parr Tuttle Court of Appeals Building
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

> Re:     Appellees 1-800-Flowers.com, Inc. and 800-Flowers, Inc.'s Response to the
>         Court's Jurisdictional Question

Dear Mr. Smith:

In response to the Court's May 10, 2024 Jurisdictional Question (the "Question"), Appellees 1-800-Flowers.com, Inc. and 800-Flowers, Inc. ("Appellees" or "18F") respectfully submit that this Court has jurisdiction because: (1) Appellees clearly moved for summary judgment on all claims brought by Plaintiffs-Appellants Edible IP, LLC and Edible Arrangements, LLC ("Appellants" or "EA"), including Count VII of the Second Amended Complaint; (2) the District Court, in its March 19, 2024 Order (Dkt. 377) (the "Order"), granted summary judgment on *all* claims, and directed the Clerk to enter judgment in favor of Appellees and against Appellants, which it did *without limiting the final judgment in any way as to any of the claims*; and (3) the District Court's Order, granting summary judgment in favor of 18F and dismissing all of EA's claims, was appropriate on the record before the District Court. The final judgment (Dkt. 375) entered by the District Court plainly extinguished *all* of EA's claims, and EA has acknowledged that this Court's jurisdiction is proper both by filing a Notice of Appeal from that final judgment and by agreeing that this Court has jurisdiction in its response to the Court's Question. *See* USCA11 Dkt. 16. Thus, this Court has jurisdiction to decide EA's appeal.

## I.     APPELLEES MOVED FOR SUMMARY JUDGMENT ON COUNT VII

Appellees' June 5, 2023 Motion for Summary Judgment ("Motion") sought judgment as a matter of law on *all* of EA's claims, including Count VII. Specifically, the Motion stated: "EA cannot establish any fact of harm or causation concerning its money damages and punitive damages allegedly stemming from its claims and causes of action in its Second Amended Complaint." Dkt. 282-1 at 2. 18F's Memorandum in Support of Motion for Summary Judgment further emphasized, among other things, that "*all* of EA's federal and state law trademark and unfair competition claims, *and its contract claim*, require proof of harm, causation, and a

calculation of damages" and EA "failed to adduce evidence for them, or to show a fact of harm or damage, or to show causation." Dkt. 282-2 at 30-31 (emphasis added). 18F further pointed out that "[b]ecause the record is devoid of evidence establishing any of the supposed harms recited in its initial disclosures, *complaint*, and interrogatory responses, much less evidence tying any harm specifically to 18F's actions, *each and every theory* EA proposes for money or punitive damages fails" and that "[t]he Court therefore should enter summary judgment against them." *Id.* at 30 (emphasis added).

The District Court acknowledged that Appellees moved for summary judgment against *all* of EA's claims—including Count VII. The Order enumerated 18F's arguments as to why the Court "should enter summary judgment rejecting Plaintiffs' claims . . . ." Order at 14. It recognized that 18F sought summary judgment on *all* claims by referring to 18F's "Motion for Summary Judgment," as contrasted with EA's "*Partial* Motion for Summary Judgment on Defendants' Fourth Defense." *Id.* at 1 (emphasis added). And it entered judgment against *all* of the Counts in EA's Second Amended Complaint.

## II.  THE DISTRICT COURT ENTERED A FINAL JUDGMENT AS TO ALL CLAIMS

This Court has jurisdiction over "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. "A final decision is one by which a district court disassociates itself from a case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408 (2015) (internal quotation marks omitted). "A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute [its] judgment." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (internal quotation marks omitted) (holding appellate jurisdiction was proper when the District Court effectively terminated litigation).

No question exists that the District Court disassociated itself from this case and ended this litigation on the merits. The District Court's Order directed the Clerk "to enter judgment in favor of Defendants and against Plaintiffs and **to close the case**." Order at 28 (emphasis added). The Clerk entered judgment, "**Order[ing] and Adjudg[ing]** that the plaintiffs take nothing; that the defendants recover its costs of this action, and the action be, and the same hereby is, **dismissed**." Dkt. 375 (emphasis in original). Because its final judgment encompassed *all* claims, the District Court did not certify that judgment under Rule 54(b), which would allow it to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . ." Fed. R. Civ. P. 54(b). *Compare Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (finding no jurisdiction when the District Court resolved claims as to only one of three defendants without Rule 54(b) certification) *with Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999) (finding jurisdiction where the final decision issued and "[t]here was simply no reason for the district court to even consider including the alternative certification required by Rule 54(b)").

EA's actions concede that the District Court entered final judgment on all claims and that this Court has jurisdiction. EA did not move for clarification, move for reconsideration, or seek alteration or amendment of the final judgment under Rule 59; nor did EA request relief from the judgment under Rule 60. Instead, EA filed a Notice of Appeal with this Court, which it only could do if a final judgment exists.

May 24, 2024
Page 3

According to Appellants' May 16, 2024 Civil Appeals Statement, EA now contends that the District Court "erred in granting a final judgment in 18F's favor." USCA11 Dkt. 5 at 4. That is a (misguided) argument EA can make on appeal, but because a final judgment unquestionably is in place, EA's argument does not divest this Court of jurisdiction. *See Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 387-88 (1978) (noting "the Court of Appeals properly assumed appellate jurisdiction under § 1291" because the trial court "clearly evidenced its intent that the opinion and order . . . would represent the final decision in the case," "[a] judgment of dismissal was recorded in the clerk's docket," and "petitioner did not object to the taking of the appeal in the absence of a separate judgment"); *Hall County v. Selective Ins. Co. of Am., Inc.*, 679 F. App'x 815, 816 (11th Cir. 2017) (deciding issues on appeal when the District Court "terminated the case as if its summary judgment order had disposed of all the claims" even though the summary judgment order "did not explicitly address" one of the counts); *Llauro v. Linville*, No. 20-12862, 2021 WL 5767935, at *3 (11th Cir. Nov. 6, 2021) ("By filing their Notice of Appeal, Plaintiffs construed the dismissal as an order that 'end[ed] the litigation on the merits' and thus was immediately appealable") (alteration in original) (citation omitted). Indeed, EA agrees that its argument does not affect this Court's jurisdiction because "[t]he 'effect' of the district court's order here was to enter judgment in Defendants' favor on *all* of [EA's] claims." USCA11 Dkt. 16 at 6 (emphasis in original). There is, therefore, no question that the District Court entered final judgment against *all* of EA's claims, leaving none remaining for the District Court to decide.

### III.    ENTRY OF SUMMARY JUDGMENT AS TO COUNT VII WAS APPROPRIATE

The District Court held that "[t]he record is clear that 18F is not engaged in new conduct." (Dkt. 377 at 26). As a result, it entered summary judgment against *all* of EA's claims, including Count VII. *Id*. at 27. The Court's reasoning applied equally to Count VII as to the other claims at issue in the Second Amended Complaint. By finding that EA had failed to prove that Appellees engaged in any *new* conduct and granting summary judgment in 18F's favor, the Court both explicitly denied EA relief on *all* claims and implicitly held that the record contains no evidence showing 18F engaged in any breach of the parties' settlement agreement.

When a district court expressly and unambiguously has dismissed the entirety of an appellant's case, that order is final and appealable, vesting this Court with jurisdiction. "A bedrock principle upon which our appellate review has relied is that the 'appeal is not from the opinion of the district court but from its judgment.'" *United States v. $242,484.00*, 389 F.3d 1149, 1153 (11th Cir. 2004) (quoting *Gilbert v. Sterrett*, 509 F.2d 1389, 1393 (5th Cir. 1975)). When determining whether a judgment was appropriate, this Court "'do[es] not insist that trial courts make factual findings directly addressing each issue that a litigant raises, but instead adhere[s] to the proposition that findings should be construed liberally and found to be in consonance with the judgment, so long as that judgment is supported by evidence in the record.'" *Id*. at 1154 (quoting *United States v. Acosta*, 363 F.3d 1141, 1151 (11th Cir. 2004)). "In keeping with these principles, [this Court] and other federal appellate courts have inferred from a district court's explicit factual findings and conclusion implied factual findings that are consistent with its judgment although unstated." *Id*. (citations omitted). Such inferences and determinations are matters for this Court to decide on appeal.

May 24, 2024
Page 4

      EA has signaled that it will argue on appeal that the District Court "erred in granting a final judgment in 18F's favor" because EA believes (incorrectly) that the District Court did not address its breach claim. USCA11 Dkt. 5 at 4; USCA11 Dkt. 16 at 6. That argument, however, is not a basis for denying jurisdiction, which plainly is proper in light of the final judgment entered by the District Court that disposes of all of EA's claims in this case. Nor is EA's argument a basis for vacating the District Court's Order concerning Count VII. EA is wrong when it claims the District Court did not state on the record the reasons for granting summary judgment under Federal Rule of Civil Procedure 56(a). And EA's reliance on *Stillman v. Travelers Ins. Co.*, 88 F.3d 911 (11th Cir. 1996), is misplaced. In that case, the parties' cross-motions sought *partial* summary judgment. *Id.* at 912-913. By contrast, here, 18F's Motion sought summary judgment against *all* of EA's claims in this case, and the District Court expressly, unambiguously, and appropriately indicated an intent to extinguish all of EA's causes of action in this litigation, including Count VII. The District Court, therefore, unquestionably issued a final judgment. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

      Respectfully submitted,

      Charles H. Hooker III

Attachment

cc:      Counsel of Record (ECF)

No. 24-11347

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

EDIBLE IP, LLC et al.,

Plaintiffs-Appellants,

v.

1-800-FLOWERS.COM, INC. et al.

Defendants-Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
CIVIL ACTION NO. 1:20-CV-02405-VMC
HONORABLE VICTORIA M. CALVERT

DEFENDANTS-APPELLEES
1-800-FLOWERS.COM, INC. AND 800-FLOWERS, INC.'S
CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT

KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
chooker@ktslaw.com

Charles H. Hooker III
Georgia Bar No. 375622

Case No. 24-11347
*Edible IP, LLC et al. v. 1-800-Flowers.com, Inc. et al.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, the undersigned counsel of record for Appellees 1-800-Flowers.com, Inc. and 800-Flowers, Inc. hereby certifies, to the best of its knowledge, information, and belief, the following list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. 1-800-Flowers.com, Inc., Appellee (NASDAQ: FLWS);

2. 1-800-Flowers Retail Inc., subsidiary of 1-800-Flowers.com, Inc.;

3. 800-Flowers, Inc., Appellee;

4. Alloy, Jason, counsel for Appellants;

5. Altman, Solesse Lane, former counsel for Appellants;

6. Ballard Spahr, LLP, counsel for Appellants;

7. Beeney, Eliza, former counsel for Appellants;

Case No. 24-11347
*Edible IP, LLC et al. v. 1-800-Flowers.com, Inc. et al.*

8.  Bedard, Edward A., counsel for Appellants;

9.  Bondurant Mixson & Elmore, LLP, former counsel for Appellants;

10. Calvert, Victoria M., United States District Judge, Northern District of Georgia, from whom issued the Order and Judgment on appeal in this instance;

11. Carter, Jason James, former counsel for Appellants;

12. Chanin, Erica C., counsel for Appellees;

13. Cheryl & Co., subsidiary of 1-800-Flowers.com, Inc.;

14. Edible Arrangements, LLC, Appellants;

15. Edible IP, LLC, Appellants;

16. Fehlan, Kirsten, counsel for Appellants;

17. Gubernick, Carly, counsel for Appellants;

18. Harry and David, LLC, subsidiary of 1-800-Flowers.com, Inc.;

19. Hooker III, Charles H., counsel for Appellees;

20. Hoffner, Kaylee Elizabeth, former counsel for Appellants;

21. Johnson, Grant L., former counsel for Appellants;

22. Kilpatrick Townsend & Stockton LLP, counsel for Appellees;

23. Littlefield, Jeremy U., counsel for Appellants;

Case No. 24-11347
*Edible IP, LLC et al. v. 1-800-Flowers.com, Inc. et al.*

24.  Matich IV, Nicholas T., former counsel for Appellants;

25.  McKool Smith, former counsel for Appellants;

26.  Miller, Richard William, counsel for Appellants;

27.  PersonalizationMall.com, LLC, subsidiary of 1-800-Flowers.com, Inc.;

28.  The Popcorn Factory, Inc., subsidiary of 1-800-Flowers.com, Inc.;

29.  Powell, Judith A., former counsel for Appellees;

30.  Robbins Alloy Belinfante Littlefield LLC, counsel for Appellants;

31.  Rzonca, Lynn E., counsel for Appellants;

32.  Simler, Benjamin Nichols, counsel for Appellants;

33.  Shari's Berries.com, LLC, subsidiary of 1-800-Flowers.com, Inc.;

34.  Sivakumar, Madhundra, counsel for Appellants;

35.  Stancil, Andrew Dorsey, counsel for Appellants;

36.  Tate, Emily B., former counsel for Appellants;

37.  Wright, Briggs M., counsel for Appellees.

The undersigned hereby certify that, except as disclosed above, they are unaware of any actual or potential conflict of interest involving any of the circuit

Case No. 24-11347
*Edible IP, LLC et al. v. 1-800-Flowers.com, Inc. et al.*

judges of this Court, and will immediately notify the Court in writing on learning

of any such conflict.

Respectfully submitted, this 24th day of May, 2024

KILPATRICK TOWNSEND &
STOCKTON LLP

/s/ *Charles H. Hooker III*
Charles H. Hooker III
Georgia Bar No. 375622

KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
chooker@ktslaw.com

*Counsel for Appellees*

Case No. 24-11347
*Edible IP, LLC et al. v. 1-800-Flowers.com, Inc. et al.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2024 I caused a copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system which will automatically send notification of the filing to all counsel of record.

*/s/ Charles H. Hooker III*
Charles H. Hooker III